Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:    516.741.4977
Facsimile:    516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK KIRSTEINS,<br><br>      Plaintiff,<br><br>vs.<br><br>BROADMARK REALTY CAPITAL INC., JEFFREY B. PYATT, KEVIN M. LUEBBERS, STEPHEN G. HAGGERTY, DANIEL J. HIRSCH, DAVID A. KARP, NORMA J. LAWRENCE, and PINKIE D. MAYFIELD,<br><br>      Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Frank Kirsteins ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this stockholder action against Broadmark Realty Capital Inc. ("Broadmark" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants," and collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a

- 1 -

result of Defendants' efforts to merge the Company with Ready Capital Corporation ("Parent"), through merger vehicle RCC Merger Sub, LLC ("Merger Sub" and collectively with Parent, "Ready Capital") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all stock transaction (the "Proposed Transaction").

2.  The terms of the Proposed Transaction were memorialized in a February 28, 2023, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").

3.  Under the terms of the Merger Agreement, each existing share of Broadmark common stock will be exchanged for 0.47233 shares of Ready Capital.

4.  Thereafter, on March 27, 2023, Ready Capital filed a Registration Statement on Form S4 (the "Registration Statement") with the SEC in support of the Proposed Transaction.

5.  In violation of the Exchange Act, Defendants caused to be filed the materially deficient Registration Statement, preventing Plaintiff from making a fully informed decision on whether to vote in favor of the proposed transaction.

6.  The Registration Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction.  It omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Broadmark and Ready Capital, provided by Broadmark and Ready Capital management to the Board and the Board's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan") as well as Ready Capital's financial advisor, Wells Fargo Securities, LLC ("Wells Fargo") (c) the data and inputs underlying the financial valuation

analyses, if any, that purport to support the fairness opinion created by J.P. Morgan and Wells Fargo, and provide to the Company and the Board.

7. This action seeks to enjoin the Proposed Transaction.

## **PARTIES**

8. Plaintiff is a citizen of Canada and, at all times relevant hereto, has been a Broadmark stockholder.

9. Defendant Broadmark operates as a commercial real estate finance company in the United States. Broadmark is incorporated in Maryland and has its principal place of business at 1420 Fifth Avenue, Suite 2000, Seattle, WA 98101. Shares of Broadmark common stock are traded on the New York Stock Exchange under the symbol "BRMK."

10. Defendant Jeffrey B. Pyatt ("Pyatt") has been a Director of the Company at all relevant times. In addition, Pyatt serves as the Chairman of the Company Board as well as the Interim Chief Executive Officer ("CEO") of the Company.

11. Defendant Kevin M. Luebbers ("Luebbers") has been a director of the Company at all relevant times. In addition, Luebbers serves as the Interim President of the Company.

12. Defendant Stephen G. Haggerty ("Haggerty") has been a director of the Company at all relevant times.

13. Defendant Daniel J. Hirsch ("Hirsch") has been a director of the Company at all relevant times.

14. Defendant David A. Karp ("Karp") has been a director of the Company at all relevant times.

15. Defendant Norma J. Lawrence ("Lawrence") has been a director of the Company at all relevant times.

16. Defendant Pinkie D. Mayfield ("Mayfield") has been a director of the Company at all relevant times.

17. Defendants identified in ¶¶ 9 - 15 are collectively referred to as the "Individual Defendants."

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

19. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the New York Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

21. Broadmark is as a commercial real estate finance company in the United States. The Company engages in underwriting, funding, servicing, and managing a portfolio of short-term

trust loans to fund the construction and development, or investment in residential or commercial properties.

22. The Company's most recent performance press release, revealing performance results from the year preceding the announcement of the Proposed Transaction, indicated impressive success. These results are not an anomaly, but rather, are indicative of a trend of continued future potential success for Broadmark.

23. The Individual Defendants have caused Broadmark to enter into the Proposed Transaction without providing requisite information to Company stockholders such as Plaintiff.

*The Proposed Transaction*

24. On February 27, 2023, Broadmark and Ready Capital issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **New York, NY, February 27, 2023 /Globe Newswire/ – Ready Capital Corporation (NYSE:RC) ("Ready Capital"), a multi-strategy real estate finance company that originates, acquires, finances and services small-to-medium balance commercial loans, and Broadmark Realty Capital Inc. (NYSE:BRMK) ("Broadmark"),** a specialty real estate finance company that specializes in originating and servicing residential and commercial construction loans, announced today that they have entered into a definitive merger agreement pursuant to which Broadmark will merge with Ready Capital. Upon completion of the merger, Ready Capital is expected to have a pro forma equity capital base of $2.8 billion.
>
> Under the terms of the merger agreement, each share of Broadmark common stock will be converted into 0.47233 shares of Ready Capital common stock, or a total of approximately 63 million shares of Ready Capital common stock. The respective closing stock prices for Ready Capital and Broadmark on February 24, 2023 imply an offer price of $5.90 per Broadmark share, representing a 41% premium or approximately 0.85x tangible book value as of December 31, 2022. Upon the closing of the merger, Ready Capital stockholders are expected to own approximately 64% of the combined company's stock, while Broadmark stockholders are expected to own approximately 36% of the combined company's

stock. In addition, Ready Capital will assume Broadmark's outstanding senior unsecured notes.

Based on the closing price of Ready Capital's common stock on February 24, 2023, the market capitalization of the combined company is approximately $2.2 billion. The combined company will operate under the name "Ready Capital Corporation" and its shares will trade on the NYSE under the existing ticker symbol "RC". Waterfall Asset Management, LLC will continue to manage the combined company.

"We are excited about the continued growth of our commercial real estate investment platform with the Broadmark transaction and believe it will provide strategic and financial benefits to all shareholders," stated Ready Capital Chairman and Chief Executive Officer Thomas Capasse. "We believe our asset management and workout experience, along with the synergies we expect to realize, position us well over the long-term."

"We are thrilled to join the Ready Capital team to usher in a new chapter of growth for both organizations by forming the 4th largest commercial mortgage REIT," said Broadmark Chairman and Interim Chief Executive Officer Jeffrey Pyatt. "Our synergies are undeniable given the complementary skillsets, product offerings and geographic footprint. The Broadmark team is looking forward to working closely with our colleagues at Ready Capital to maximize the potential of our combined platform and deliver value for our shareholders."

**Anticipated Benefits to Ready Capital and Broadmark Stockholders from the Merger**

·      Highly Synergistic Business Models with Natural Alignment Across Geographies, Products, Sponsors, and Credit Philosophies: Ability for the combined company to capture economics throughout the full lifecycle of a property and retain sponsor relationships beyond construction and/or bridge stages.

·      Strategically and Financially Compelling: Synergistic franchises and optimized capital management, among other factors, create a highly accretive transaction.

·      Robust Liquidity Supported by Proven Asset Management and Diversified Access to Funding: Immediate deleveraging benefit to Ready Capital with the

opportunity to prudently optimize capital and enhance the earnings profile of the combined company.

· Significantly Increased Scale and Opportunities for Operational Efficiency: Creates the 4th largest commercial mortgage REIT with increased operational leverage.

· Proven Acquisition Track Record Provides Long-Term Upside to Shareholders: Integration and post-close growth strategy informed by Ready Capital's six mergers and acquisitions since 2016.

Additional information on the transaction and the anticipated effects on Ready Capital can be found in the investor deck relating to the merger on Ready Capital's website. The investor deck is also furnished by Ready Capital in a Current Report on Form 8-K on the date hereof.

**Management, Governance and Corporate Headquarters**

Upon completion of the merger, Ready Capital's Chairman, Chief Executive Officer and Chief Investment Officer, Thomas Capasse, will continue to lead the company and Ready Capital executives Jack Ross, Andrew Ahlborn, Gary Taylor and Adam Zausmer will remain in their current roles. The combined company will remain headquartered in New York, New York. The Board of the combined company is expected to increase by three Broadmark-designated directors to twelve directors.

**Timing and Approvals**

The transaction has been unanimously approved by each of the Boards of Directors of Ready Capital and Broadmark. The transaction is expected to close during the second quarter of 2023, subject to the respective approvals by the stockholders of Ready Capital and Broadmark and other customary closing conditions.

**Advisors**

Wells Fargo Securities, LLC is acting as exclusive financial advisor and Alston & Bird LLP is acting as legal advisor to Ready Capital. J.P. Morgan Securities LLC is acting as exclusive financial advisor to Broadmark. Sidley Austin LLP is acting as legal advisor and Bryan Cave Leighton Paisner LLP is acting as tax legal advisor to Broadmark.

*The Materially Misleading and/or Incomplete Registration Statement*

25. On March 27, 2023, the Broadmark Board and Ready Capital caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the

Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*<u>Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction</u>*

26. Specifically, the Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Registration Statement fails to disclose:

   a. Adequate information as to whether a committee of disinterested directors was formed to evaluate the Proposed Transaction. If so, the identity of the directors who sat on the committee and what powers the committee had. If not, the reasoning for failing to create such a committee;

   b. Adequate information as to a market check for potentially interested third parties was conducted by the Board or its financial advisor at any point;

   c. Whether the confidentiality agreements entered into by the Company with Ready Capital differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

   d. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including Ready Capital, would fall away; and

   e. Adequate and complete disclosure of communications regarding post-

transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning Broadmark's Financial Projections*

27. The Registration Statement fails to provide material information concerning financial projections for Broadmark provided by Broadmark management to the Broadmark Board, J.P. Morgan, and Wells Fargo, and relied upon by J.P. Morgan and Wells Fargo in their analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

28. Notably the Registration Statement reveals that as part of its analyses, J.P. Morgan reviewed "certain internal financial analyses and forecasts prepared by the managements of Broadmark". Similarly, the Registration Statement reveals that as part of its analyses, Wells Fargo reviewed, "certain internal financial analyses and forecasts for … Broadmark."

29. As such, the Registration Statement should have, but fails to provide, certain information in the projections that Broadmark management provided to the Board, J.P. Morgan, and Wells Fargo.

30. With regard to *Broadmark Projections*, the Registration Statement fails to disclose material line items, including Distributable Earnings.

31. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

32. The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the projections rely.

33. This information is necessary to provide Plaintiff, in his capacity as a Company

stockholder, a complete and accurate picture of the sales process and its fairness.

34. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning Ready Capital's Financial Projections*

35. The Registration Statement fails to provide material information concerning financial projections for Ready Capital provided by Ready Capital management to the Broadmark Board, J.P. Morgan, and Wells Fargo and relied upon by J.P. Morgan and Wells Fargo in their analyses. The Registration Statement discloses management-prepared financial projections for Ready Capital which are materially misleading.

36. Notably the Registration Statement reveals that as part of its analyses, J.P. Morgan reviewed "certain internal financial analyses and forecasts prepared by the managements of … Ready Capital". Similarly, the Registration Statement reveals that as part of its analyses, Wells Fargo reviewed, "certain internal financial analyses and forecasts for Ready Capital."

37. The Registration Statement should have, but fails to provide, certain information in the projections that Ready Capital management provided to the Board, J.P. Morgan, and Wells Fargo.

38. With regard to *Ready Capital Projections*, the Registration Statement fails to disclose material line items, including Distributable Earnings Per Share.

39. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

40. The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the projections rely.

41. This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.

42. Without accurate projection data presented in the Registration Statement, Plaintiff is unable to properly evaluate Ready Capital's or the pro-forma company's true worth, the accuracy of the financial analyses created by J.P. Morgan or Wells Fargo, or make an informed decision whether to vote his shares in favor of the Proposed Transaction. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by J.P. Morgan*

43. In the Registration Statement, J.P. Morgan describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

44. With respect to the *Public Trading Multiples* analysis, the Registration Statement fails to disclose:

   a. The multiple of price to tangible book value per share ("P/TBV") for each comparable company;

   b. The estimated 2023 dividend yield based on current annualized cash dividend ("2023E Dividend Yield") for each comparable company;

   c. The specific inputs, metrics, and assumptions used to determine the utilized P/TBV multiple reference range of 0.50x – 0.95x;

   d. The specific inputs, metrics, and assumptions used to determine the utilized

2023E Dividend Yield multiple reference range of 8.00% – 12.75%.

45. With respect to the *Broadmark Dividend Discount Analysis*, the Registration Statement fails to disclose:

   a. The terminal value for Broadmark calculated;

   b. The specific inputs, metrics, and assumptions used to determine the utilized terminal multiple range of 0.50x to 0.95x; and

   c. The specific inputs, metrics, and assumptions used to determine the utilized cost of equity range of 13.50% to 14.50%.

46. With respect to the *Ready Capital Dividend Discount Analysis*, the Registration Statement fails to disclose:

   a. The terminal value for Ready Capital calculated;

   b. The specific inputs, metrics, and assumptions used to determine the utilized terminal multiple range of 0.50x to 0.95x; and

   c. The specific inputs, metrics, and assumptions used to determine the utilized cost of equity range of 13.00% to 14.00%.

47. With respect to the *Discounted Cash Flow-Based Value Creation Analysis*, the Registration Statement fails to disclose:

   a. The specific inputs, metrics, and assumptions used to determine the utilized estimated present value of the run-rate cost synergies of $3 million;

   b. The specific inputs, metrics, and assumptions used to determine the utilized terminal growth rate range of 2.25% to 2.75%; and

   c. The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 10.50% to 11.50%.

48. With respect to the *Selected Transaction Multiples Analysis*, the Registration Statement fails to disclose:

   a. The specific metrics analyzed for each selected transaction;

   b. The value of each selected transaction;

   c. The date on which each selected transaction closed; and

   d. The specific inputs, metrics, and assumptions used to determine the utilized P/TBV multiple reference range of 0.85x – 1.15x.

49. With respect to the analysis of analyst share price targets, the Registration Statement fails to disclose:

   a. The specific price targets analyzed; and

   b. The name of the analysts and/or firms that created such utilized price targets.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Wells Fargo*

50. In the Registration Statement, Wells Fargo describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

51. With respect to the *Broadmark Selected Public Companies Analysis*, the Registration Statement fails to disclose:

   a. The specific multiples calculated for each compared company analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

b. The specific inputs, metrics, and assumptions used to determine the utilized Fully Diluted Price / TBV multiple range of 0.75x to 0.90x; and

c. The specific inputs, metrics, and assumptions used to determine the utilized range of Dividend Yields of 11.0% and 13.5%.

52. With respect to the *Broadmark Precedent Transactions Analysis*, the Registration Statement fails to disclose:

a. The specific multiples calculated for each compared company analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples; and

b. The specific inputs, metrics, and assumptions used to determine the utilized EV/TBV multiples of 0.85x to 1.05x.

53. With respect to the *Broadmark Dividend Discount Analysis – Broadmark Standalone*, the Registration Statement fails to disclose:

a. The terminal value for Broadmark calculated;

b. The specific inputs, metrics, and assumptions used to determine the utilized range of terminal forward multiples of 0.75x to 0.90x; and

c. The specific inputs, metrics, and assumptions used to determine the utilized discount rates range of 10.00% to 14.50%.

54. With respect to the *Broadmark Dividend Discount Analysis – Broadmark Cost Synergy Analysis*, the Registration Statement fails to disclose:

a. The terminal value for synergies calculated;

b. The specific inputs, metrics, and assumptions used to determine the utilized assumption that there was no perpetuity growth rate; and

    c. The specific inputs, metrics, and assumptions used to determine the utilized discount rates range of 10.00% to 14.50%.

55. With respect to the *Ready Capital Selected Public Companies Analysis*, the Registration Statement fails to disclose:

    a. The specific multiples calculated for each compared company analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

    b. The specific inputs, metrics, and assumptions used to determine the utilized Fully Diluted Price / TBV multiple range of 0.75x to 0.90x; and

    c. The specific inputs, metrics, and assumptions used to determine the utilized range of Dividend Yields of 10.0% and 12.50.

56. With respect to the *Ready Capital Dividend Discount Analysis*, the Registration Statement fails to disclose:

    a. The terminal value for Ready Capital calculated;

    b. The specific inputs, metrics, and assumptions used to determine the utilized range of terminal forward multiples of 0.75x to 0.90x; and

    c. The specific inputs, metrics, and assumptions used to determine the utilized discount rates range of 10.00% to 14.50%.

57. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

58. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and

related disclosures, Plaintiff cannot gauge the reliability of the fairness opinions and the Board's determination that the Proposed Transaction is in his best interests as a public Broadmark stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

59. Plaintiff repeats all previous allegations as if set forth in full herein.

60. Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

61. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

62. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any Registration Statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the

circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

63.     The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above.  Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

64.     The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

65.     The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

66.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

**SECOND COUNT**

**Violations of Section 20(a) of the Exchange Act**

**(Against all Individual Defendants)**

67.     Plaintiff repeats all previous allegations as if set forth in full herein.

68. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

69. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

70. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Broadmark's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement

and are therefore responsible and liable for the misrepresentations contained herein.

71.     The Individual Defendants acted as controlling persons of Broadmark within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Broadmark to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Broadmark and all of its employees. As alleged above, Broadmark is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A.      Enjoining the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: April 10, 2023              **BRODSKY & SMITH**

By: *Evan J. Smith*
Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*

OF COUNSEL

Douglas Risen
Risen Law, LLC
1900 JFK Blvd., Suite 910
Philadelphia, PA 19103
Phone: 215.201.2824
drisen@comcast.net